**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**JEFFREY S. SOBLES,**

                                        **Plaintiff,**

                **v.**                                                **5:10-CV-328**
                                                                              **(FJS/DEP)**

**MICHAEL J. ASTRUE, Commissioner of**
**Social Security,**

                                        **Defendant.**
_____

**APPEARANCES**                                **OF COUNSEL**

**OLINSKY LAW GROUP**                       **HOWARD D. OLINSKY, ESQ.**
One Park Place
300 South State Street, Suite 420
Syracuse, New York 13202
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**       **ROBERT R. SCHRIVER, ESQ.**
**OFFICE OF REGIONAL GENERAL**            **CHRISTOPHER J. BRACKETT, ESQ.**
**COUNSEL, REGION II**
26 Federal Plaza, Room 3904
New York, New York 10278-0004
Attorneys for Defendant

**SCULLIN, Senior Judge**

                                        **ORDER**

        On April 3, 2012, Plaintiff filed a motion for attorney's fees pursuant to 42 U.S.C.

§ 406(b)(1).  *See* Dkt. No. 20.  Defendant does not object to this motion.  *See* Dkt. No. 22 at 2.

        Section 406(b)(1) of Title 42 of the United States Code permits the court, when it

"renders a judgment favorable to a claimant," to "allow as part of its judgment a reasonable fee

for [the claimant's attorney's] representation, not in excess of 25 percent of the total of the past

due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C.

§ 406(b)(1).  In this case, the Court previously awarded Plaintiff attorney's fees in the amount of

$7,143.69 under the Equal Access to Justice Act, 28 U.S.C. § 2412.  A court may award

attorney's fees under both 42 U.S.C. § 406(b)(1) and 28 U.S.C. § 2412; but, if it does so, the

attorney must give his client the smaller of the two awards.  *See Wells v. Bowen*, 855 F.2d 37, 42

(2d Cir. 1988).

Plaintiff entered into a contingency-fee agreement with counsel, in which Plaintiff

specifically agreed that, if his counsel filed an appeal in federal court, his counsel would "file a

fee petition . . . [that would] not exceed 25% of the combined, offset, retroactive benefits

awarded to" Plaintiff and his family.  *See* Dkt. No. 20-2.

Plaintiff was awarded past-due benefits totaling $63,833.00, twenty-five percent of which

is $15,958.25.  *See* Dkt. No. 20-1 at ¶ 4.  Plaintiff's counsel has already received a payment of

$686.34.  *See id.*  The outstanding balance of the twenty-five percent of the past-due benefits is

$15,271.91, which represents an hourly rate of $251.60 for 60.7 hours expended on work in this

case.

In light of the contingent-fee agreement, the amount of past-due benefits to which

Plaintiff is entitled, the hours of work performed, and the experience of counsel, the Court finds

that the attorney's fee award that Plaintiff seeks is reasonable.  Therefore, the Court hereby

**ORDERS** that Plaintiff's motion for attorney's fees in the amount of **$15,271.91**, made payable to Howard D. Olinsky, Esq., pursuant to 42 U.S.C. § 406(b) is **GRANTED**; upon receipt of this award, Plaintiff's counsel shall refund to Plaintiff the amount of **$7,143.69**, which he previously received under 28 U.S.C. § 2412.

**IT IS SO ORDERED.**

Dated: April 23, 2012
      Syracuse, New York

                                     _____

                                     Frederick J. Scullin, Jr.
                                     Senior United States District Court Judge